IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:15-CV-00266-F

| | |
|---|---|
| MONICA L. HORNAL,<br>        Plaintiff/Claimant,<br><br>v.<br><br>NANCY A. BERRYHILL,[1]<br>Acting Commissioner of Social Security,<br>        Defendant. | **ORDER** |

Before the court are the following:

> (1) the Memorandum and Recommendation ("M&R") [DE-23] of United States Magistrate Judge Robert B. Jones, Jr.; and
> (2) the parties' cross Motions for Judgment on the Pleadings [DE-17, -19].

The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, this court ADOPTS in part the findings and recommendations of the Magistrate Judge, Plaintiff's Motion for Judgment on the Pleadings [DE-17] is ALLOWED, and Defendant's Motion for Judgment on the Pleadings [DE-19] is DENIED. This case will be REMANDED to the Commissioner for further proceedings consistent with this order.

## I. DISCUSSION

### A. The Magistrate Judge's M&R

**1. Legal Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill, Acting Commissioner of Social Security, has been added as a party. Carolyn W. Colvin's term expired on January 20, 2017, and she has been terminated as a party.

court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of a timely-filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

On January 13, 2017, the Magistrate Judge issued a M&R, in which he recommended that Plaintiff's Motion for Judgment on the Pleadings [DE-17] be denied, Defendant's Motion for Judgment on the Pleadings [DE-19] be allowed, and the Commissioner's final decision be upheld. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the M&R and the consequences if they failed to do so. Plaintiff filed Objections [DE-24] to the M&R, to which Defendant filed a Response [DE-27].

**2. Plaintiff's Objections to the M&R**

> **a. Plaintiff argues that the Magistrate Judge erred in finding that the Administrative Law Judge ("ALJ") was not required to assess whether her sarcoidosis met or equaled Listing 3.02C.**

In her first objection, Plaintiff argues that the Magistrate Judge's finding that the ALJ was not required to discuss her pulmonary test results is inconsistent with the Fourth Circuit Court of Appeals' holdings in *Cook v. Heckler*, 783 F.2d 1168 (4th Cir. 1986), and *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013). Objections [DE-24] at 1. According to Plaintiff, without such an explanation, it is simply impossible to determine if the ALJ's decision is supported by substantial

2

evidence. *Id.* at 1-2.

At step one in the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 15, 2013, her alleged onset date. (Tr. 16). Then, at step two, the ALJ found that Plaintiff's sarcoidosis,[2] depression/bipolar disorder, and anxiety were "severe" impairments.[3] (Tr. 16). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (Tr. 16-17). In coming to this conclusion, the ALJ addressed the application of Listings 3.02A and 3.02B, but he did not address Listing 3.02C, except to say, "[f]urther the record shows that the claimant does not have chronic impairment of gas exchange due to clinically documented pulmonary disease with Single breath DLCO (see 3.00F1) less than 10.5 ml/min/mm Hg or less than or equal to 40 percent of the predicated normal value." (Tr. 17).

At the time the ALJ evaluated Plaintiff's case,[4] Listing 3.02C was designated as "[c]hronic impairment of gas exchange." *See* 20 C.F.R. pt. 404, Subpt. P, app.1, § 3.02C. Pursuant to this listing, Plaintiff, a female standing 62" without shoes,[5] was required to have an average of two unadjusted, single-breath diffusing capacity of the lungs for carbon monoxide

---

[2] Sarcoidosis is "an inflammatory disease that affects one or more organs but most commonly affects the lungs and lymph glands. As a result of the inflammation, abnormal lumps or nodules (called granulomas) form in one or more organs of the body. These granulomas may change the normal structure and possibly the function of the affected organ(s)." *James v. Colvin*, No. 6:13-1078-RMG, 2014 WL 6473529, at *4 n.4 (D.S.C. Nov. 18, 2014) (citation omitted).

[3] A severe impairment is an impairment or combination of impairments that significantly limits a claimant's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c).

[4] The ALJ's decision was issued on August 24, 2015. (Tr. 25).

[5] *See* (Tr. 17).

3

("DLCO") measurements of less than or equal to 8.5 mL/min/mmHg. *Id.* at § 3.02C(1).

In her Motion for Judgment on the Pleadings, Plaintiff argued that the ALJ erred in his assessment of whether her sarcoidosis met Listing 3.02C. Pl.'s Mem. [DE-18] at 7-11. Specifically, Plaintiff asserted that the ALJ erred by failing to discuss any of the medical evidence of record and comparing it to Listing 3.02C. *Id.* at 11. By way of example, Plaintiff asserted that the ALJ failed to discuss her July 21, 2014 test scores and address why her DLCO score of 9.3mL/min/mm did not lead to a conclusive presumption of disabled. *Id.* In sum, Plaintiff concluded that she was entitled to remand under *Cook* and *Radford*. *Id.*

Upon referral of this case to the Magistrate Judge, he found that Plaintiff's test scores had "deficiencies which preclude[d] the resulting scores from being used as acceptable measurements." M&R [DE-23] at 8 (citing Tr. 437-41). In particular, the "[t]he alveolar sample volume should be between 0.5 and 1.0L and be collected in less than 3 seconds." *Id.* at 7 (citing 20 C.F.R. pt. 404, subpt. P, app.1, § 3.00F(1)). The Magistrate Judge further found that Plaintiff's three trials had an alveolar volume of 2.52L, 2.29L, and 1.63L, which were all well above the permissible alveolar sample volume. *Id.* at 8 (citing Tr. 440). The Magistrate Judge also noted that there was no information in the DLCO test report that documented the inspired volume, inspiratory and breath-hold times, washout volume in the appropriate ranges, and the percentage concentrations of inspired and expired gases were not documented for each trial. *Id.* at 8-9 (citing Tr. 337-41). The Magistrate Judge concluded that in a case such as this where there is no record evidence that could support the application of Listing 3.02C, the ALJ was not required to discuss why the evidence failed to qualify Plaintiff as disabled under the listing. *Id.* at 9.

4

The Fourth Circuit in *Radford* noted that "[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling." 734 F.3d at 295. The Court further noted that it was best to "remand to the agency for additional investigation or explanation" when a court cannot evaluate the record of the basis that underlies the ALJ's ruling. *Id.* (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).

In *Cook*, the ALJ found that the plaintiff's arthritis constituted a "severe" impairment but did not meet or equal a listed impairment. 783 F.2d at 1172. The Fourth Circuit noted the arthritis listing contained four subsidiary lists of impairments, but the ALJ did not explain which of those listed impairments were relevant. *Id.* Moreover, the ALJ only summarily compared the claimant's symptoms to any of the four subsidiary lists. *Id.* at 1173. The Fourth Circuit held:

> The ALJ should have identified the relevant listed impairments. He should then have compared each of the listed criteria to the evidence of [the claimant's] symptoms. Without such an explanation, it is simply impossible to tell whether there was substantial evidence to support the determination.

*Id.*

This court agrees that *Radford* and *Cook* control the outcome of this case. Here, the ALJ found that Plaintiff's sarcoidosis was a "severe" impairment. (Tr. 16). The ALJ should have then explained which listed impairments were relevant. Then, the ALJ should have compared Plaintiff's sarcoidosis symptoms to all relevant listing criteria to determine if she met or equaled a listing. In this case, the ALJ did not. Thus, here, just as in *Cook*, "[w]ithout such an explanation, it is simply impossible to tell whether there [is] substantial evidence to support the determination." *Cook*, 783 F.2d at 1173; *accord Radford*, 734 at 295. Because the ALJ's decision is inconsistent with the Fourth Circuit's holdings in *Cook* and *Radford*, remand is

necessary.

**b. Plaintiff argues that the Magistrate Judge erred in concluding that Defendant did not impermissibly provide additional reasoning not provided by the ALJ.**

In her second objection, Plaintiff argues that in justifying the ALJ's evaluation of Listing 3.02C, Defendant provided a thorough analysis of the requirements of Listing 3.00 and then compared those requirements to Plaintiff's test results. Objections [DE-24] at 2. Plaintiff contends that this is the type of analysis that the ALJ failed to provide in his decision, and this post-hoc reasoning violates the principle set forth in *S.E.C. v. Chenery Corp*, 318 U.S. 80 (1943). *Id.*

The Magistrate Judge found Plaintiff's argument to be without merit because Plaintiff's test results were not acceptable measurements under the regulations. M&R [DE-23] at 9. The Magistrate Judge also noted that Plaintiff provided no response to Defendant's argument that the results of record were not acceptable measurements. *Id.* Finally, the Magistrate Judge concluded that when there is no record evidence to support Listing 3.02C, as in this case, the ALJ is not required to engage in discussion regarding why Plaintiff does not meet the listing. *Id.*

In *Chenery*, the Supreme Court held that courts must review administrative decisions on the grounds upon which the record discloses the action was based. 318 U.S. at 87. Pursuant to the so-called "*Chenery* Doctrine," courts are prohibited from considering post-hoc rationalizations offered in support of administrative agency decisions. *Johnson v. Colvin*, No. 1:15CV538, 2016 WL 6106439, at *5 (M.D.N.C. Oct. 19, 2016). When the grounds are inadequate or improper, a court is precluded from affirming the administrative decision by substituting the more adequate or proper basis. *Id.*

6

Defendant and the Magistrate Judge cite to *Jones v. Comm'r of Soc. Sec.*, No. SAG-10-3047, 2013 WL 1163499 (D. Md. Mar. 19, 2013). In *Jones*, the plaintiff argued that the ALJ erred in evaluating whether her respiratory impairments met or equaled the relevant listings. *Id.* at *2. In particular, the plaintiff found error with respect to Listing 3.02C and the ALJ's failure to discuss several of her pulmonary function tests. *Id.* As the court pointed out, none of the plaintiff's test results met the requisite numbers. *Id.* The court held that "[i]t was unnecessary to evaluate 3.02C when no acceptable test results were in the record." *Id.* The court further held that the ALJ was not required to discuss each and every subsection. *Id. Jones*, a decision by a Magistrate Judge from another district, is not binding on this court. *See Delawder v. Astrue*, No. 1:08CV94, 2009 WL 2423978, at *21 (N.D.W.Va. Aug. 6, 2009) (noting that a decision from a Magistrate Judge of another district has no precedential value).

This court finds *Anderson v. Colvin*, No. 1:10CV671, 2014 WL 1224726 (M.D.N.C. Mar. 25, 2014), to be instructive. In *Anderson*, the court noted that "[r]eview of the ALJ's ruling is limited further by the so-called '*Chenery* Doctrine.'" *Id.* at *1. Pursuant to the *Chenery* Doctrine, "a reviewing court 'must judge the propriety of [agency] action solely by grounds invoked by the agency.'" *Id.* (quoting *Chenery*, 332 U.S. at 196) (alteration in original). "If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it deems a more adequate or proper basis." *Id.* (quoting *Chenery*, 332 U.S. at 196).

In this case, the Magistrate Judge's conclusion that the ALJ did not err because Plaintiff's test results were not acceptable under the regulations is reasoning that was not supplied by the ALJ. In fact, it is just the kind of post-hoc reasoning that the *Chenery* Doctrine prohibits.

7

Consequently, remand is in order.

## II. CONCLUSION

In light of the foregoing, and upon *de novo* review of the portions of the Magistrate Judge's M&R to which specific objections were filed, the court ADOPTS in part the findings and recommendations of the Magistrate Judge. The court concludes that the ALJ's error at step three requires remand of this case. Accordingly, Plaintiff's Motion for Judgment on the Pleadings [DE-17] is ALLOWED, Defendant's Motion for Judgment on the Pleadings [DE-19] is DENIED, and this case is REMANDED to the Commissioner for further proceedings.

The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This, the 16 day of February, 2017.

JAMES C. FOX
Senior United States District Judge